# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHILIP J. VONVILLE,

    Petitioner,

    v.

JOHN KERESTES,

    Respondents.

NO. 3:14-CV-1582

(JUDGE CAPUTO)

## **MEMORANDUM**

    Presently before me are two motions: (1) the Motion for Stay Pending Appeal (Doc. 48) filed by Respondent the Commonwealth of Pennsylvania (the "Commonwealth"); and (2) the Motion for Release Pending Appeal (Doc. 60) filed by Petitioner Philip Vonville ("Vonville"). Previously, I conditionally granted Vonville's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Specifically, I found that Vonville's initial post-conviction counsel was ineffective and his underlying ineffective assistance of trial counsel claim based on her failure to object to unconstitutional jury instructions had some merit, so his procedural default of the underlying claim was excused. Moreover, because Vonville made the necessary showing under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) that trial counsel's performance was objectively unreasonable and he suffered prejudice as a result, I conditionally granted Vonville's § 2254 petition and ordered the Commonwealth to retry him within 120 days or release him from custody.

    The Commonwealth has since appealed, (*see* Doc. 50, *generally*), and now requests a stay of the Order directing it to retry Vonville within 120 days or release him from custody. Vonville opposes the motion and also seeks release pending appeal. Because the Commonwealth has not made the necessary showing for a stay pursuant to Federal Rule of Appellate Procedure 23(c) and the Supreme Court's decision in *Hilton v. Braunskill*, 481 U.S. 770, 774, 107 S. Ct. 2113, 95 L. Ed. 2d 724

(1987), the motion will be denied. Vonville's motion will also be denied, but that denial is without prejudice to his renewing his request after the period for the Commonwealth to retry or release him from custody expires.

## I. Background

Vonville was charged with an open count of criminal homicide for the death of Christopher Hernandez ("Hernandez") on September 20, 2009. (*See* Doc. 35-6, *generally*). Vonville was ultimately found guilty of third degree murder and sentenced to a 20-to-40 year term of imprisonment following a two day jury trial in the Court of Common Pleas of Monroe County, Pennsylvania in July 2010. Following closing arguments, the trial court delivered its charge to the jury. The trial court instructed the jury on first degree murder, third degree murder, and voluntary manslaughter. (*See* Doc. 27-2, 67:14-76:18). Thereafter, the jury was instructed as follows:

> The Defendant did not testify. It is entirely up to the Defendant in every criminal trial whether or not to testify. He has an absolute right found on the Constitution to remain silent. *You may infer any inference of guilt from the fact that he did not testify in his own defense*.

(*Id*. at 78:15-20 (emphasis added)). At the conclusion of the instructions, counsel was asked if they had any "additions or corrections," to which Vonville's counsel indicated she was "satisfied" and the Commonwealth had none. (*Id*. at 85:14-16). The jury ultimately returned a guilty verdict on the third degree murder charge. (*See id*. at 91:5-25).[1]

Vonville, through trial counsel, filed a direct appeal to the Pennsylvania

---

[1] The trial transcripts for both July 12, 2010 and July 13, 2010 contain a certification from the court reporter certifying that "the proceedings and evidence are contained fully and accurately in the notes taken by me at the hearing in the within cause, and that the foregoing is a correct transcript of the same." (Doc. 27-1, p. 187; Doc. 27-2, p. 95). Both transcripts also bear the signature of the trial judge with a date of January 31, 2011 indicating that "the foregoing record of the proceedings upon the hearing of the within cause is hereby approved and directed to be filed." (Doc. 27-1, p. 187; Doc. 27-2, p. 95).

2

Superior Court, (*see* Doc. 35-4, *generally*), but his appeal was denied on November 1, 2011. (*See* Doc. 35-14, *generally*).

Vonville then filed a *pro se* petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9545, in June 2012. (*See* Doc. 35-13, *generally*). That petition was denied. (*See* Doc. 35-18, *generally*). Vonville appealed the denial of his PCRA petition to the Superior Court. (*See* Doc. 35-5, *generally*). The Superior Court denied Vonville's PCRA petition on September 9, 2013. (*See* Doc. 35-15, *generally*). Vonville filed a petition for allowance of appeal with the Pennsylvania Supreme Court on October 9, 2013, (*see* Doc. 35-11, *generally*), but that petition was denied. (*See* Doc. 35-10, *generally*).

Next, Vonville, proceeding *pro se*, filed for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 on August 12, 2014. (*See* Doc. 1, *generally*). In his *pro se* petition, Vonville raised four claims: (1) PCRA counsel was ineffective for defaulting issues of trial counsel's ineffectiveness; (2) trial counsel was ineffective for failing to object to erroneous jury instructions; (3) trial counsel failed to object to jury instructions that shifted the burden of proof to him; and (4) trial counsel failed to object to the trial court's incorrect jury instructions on voluntary manslaughter. (*See id.*). The Commonwealth responded to the petition, disputing that Vonville was entitled to habeas relief. (*See* Doc. 15, *generally*).

Upon review of the petition, Magistrate Judge Carlson noted that Vonville raised a non-frivolous ineffectiveness claim against his trial and PCRA counsel with respect to his allegation that a jury instruction at trial was potentially unconstitutional. (*See* Doc. 22, 1-2). As such, Magistrate Judge Carlson appointed the Federal Public Defender's Office ("FPD") to represent Vonville in these proceedings and to file a counseled habeas petition with respect to the first two issues raised by Vonville in his *pro se* submission. (*See id.* at 4; *see also* Doc. 24, *generally*). Vonville, through the FPD, did so, and he also submitted a supplement to the petition. (*See* Docs. 27 & 30, *generally*).

3

On November 5, 2018, Magistrate Judge Carlson issued a Report and Recommendation. (*See* Doc. 37, *generally*). Magistrate Judge Carlson concluded that Vonville met the exception to the procedural default doctrine set forth by the Supreme Court in *Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012). (*See id*. at 26-38). And, on the merits of the underlying ineffectiveness of trial counsel claim, Magistrate Judge Carlson recommended that Vonville's petition be conditionally granted because he stated a meritorious claim for federal habeas corpus relief, (*see id*. at 38-47), namely, that the trial transcript "plainly indicate[d] that [the] trial judge instructed the jury regarding Vonville's exercise of his Fifth Amendment rights in a fashion that was antithetical to those rights[.]" (*Id*. at 39). The Magistrate Judge thus recommended that a writ of habeas corpus be conditionally granted, the conviction and sentence be vacated, and the Commonwealth be ordered to retry Vonville within 120 days or release him. (*See id*. at 46-48). The Commonwealth objected to the Report and Recommendation. (*See* Doc. 38, *generally*).

On March 5, 2019, I conditionally granted Vonville's petition for writ of habeas corpus. (*See* Doc. 47, *generally*). In the accompanying Opinion, I explained that Vonville's procedural default of his ineffective assistance of trial counsel claim was excused and that he was entitled to have that claim considered on the merits. (*See* Doc. 46, 15-20). I then found that Vonville's trial counsel was ineffective under *Strickland*. (*See id*. at 24-27).

The Commonwealth filed the instant motion for a stay pending appeal of my March 5, 2019 Order ten days later. (*See* Doc. 48, *generally*). According to the Commonwealth, the factors pertinent to granting such a stay weigh in favor of its request. (*See id*.). Specifically, in its supporting brief, the Commonwealth states that "[t]he relief [it] ultimately seeks from the Third Circuit is a remand of this matter to the District Court, where an evidentiary hearing could be held." (Doc. 55, 6). At that hearing, the Commonwealth would present witnesses that it "believe[s] and therefore aver[s]" would testify that the trial court judge did not, in fact, instruct the jurors that

4

they "may infer any inference of guilt" from the fact that Vonville did not testify at trial, even though that passage appears in the certified trial transcript. (*See id*. at 6-7).

Vonville disputes that a stay is warranted. (*See* Doc. 57, *generally*). Vonville contends that the Commonwealth is not likely to succeed on the merits, it cannot show irreparable injury, he will sustain substantial injury from a stay, and the public interest is not served by his continued incarceration during a stay. (*See id*. at 6-11). Vonville repeats similar arguments in his own motion requesting release pending appeal. (*See* Docs. 60-61, *generally*).

The Commonwealth's motion for stay and Vonville's motion for release are now ripe for disposition.

## II. Discussion

The Commonwealth's request for a stay is governed by Federal Rule of Appellate Procedure 23(c). That rule states:

> Release Pending Review of Decision Ordering Release. While a decision ordering the release of a prisoner is under review, the prisoner must - unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise - be released on personal recognizance, with or without surety.

Fed. R. App. P. 23(c). Rule 23(c) "undoubtedly creates a presumption of release from custody." *Hilton v. Braunskill*, 481 U.S. 770, 774, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987). That presumption, however, can be overcome. *See id*.

In making a custody determination under Rule 23(c), a court should "be guided not only by the language of the Rule itself but also by the factors traditionally considered in deciding whether to stay a judgment in a civil case." *Id*. at 776, 107 S. Ct. 2113. Those factors are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the

5

> public interest lies.

*Id*. Other factors that should be considered include whether the petitioner poses a flight risk, whether the petitioner poses a danger to the community, and the state's interest in continuing custody and rehabilitation pending a final determination of the case on appeal, which "will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *See id*. at 776-77, 107 S. Ct. 2113.

The *Hilton* Court further explained:

> The interest of the habeas petitioner in release pending appeal, always substantial, will be strongest where the factors mentioned in the preceding paragraph are weakest. The balance may depend to a large extent upon determination of the State's prospects of success in its appeal. Where the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release. . . . Where the State's showing on the merits falls below this level, the preference for release should control.

*Id*. at 777-78, 107 S. Ct. 2113.

Considering the Commonwealth's request for a stay in light of Rule 23(c) and the factors cited in *Hilton*, the motion will be denied. First, the Commonwealth has not demonstrated that it is likely to succeed on appeal. As stated, the relief the Commonwealth will request from the Third Circuit is a remand for an evidentiary hearing on the accuracy of the transcript reflecting the trial judge's instructions to the jury. (*See* Doc. 48, ¶ 12). But the Commonwealth does not even argue that it is likely to succeed on this appeal, nor does it suggest that it has a substantial case on the merits. (*See id*., *generally*).

Further, in granting Vonville's § 2254 petition, I explained at length why an evidentiary hearing is, in fact, not warranted here. (*See* Doc. 46, 21-24). The Commonwealth's view on the need for - and scope of - an evidentiary has vacillated. (*See id*.). When the petition was under review by the Magistrate Judge and despite

6

Vonville clearly presenting his claim that the trial judge's instructions to the jury violated his constitutional rights, the Commonwealth took the position that a hearing on the petition was not warranted. (*See* Doc. 15, 2 (responding to "erroneous jury instruction" claim that "Petitioner has had the trial transcripts throughout the post-sentence litigation in his case and, therefore, is not entitled to a hearing in this Honorable Court[.]")). Following the issuance of the Magistrate Judge's recommendation that habeas relief be granted, the Commonwealth suggested that insofar as I "fe[lt] bound by a literal reading of the transcript," it be given an opportunity for a hearing to present testimony from the trial attorneys regarding their recollections of the jury instructions. (Doc. 38-1, 11). At that point, the Commonwealth indicated that while the trial judge had passed, Vonville's trial counsel and the two trial prosecutors could be subpoenaed to provide testimony about their memories of the jury charge. (*See id*.). No mentioned was made by the Commonwealth at the time of the state trial court stenographer testifying at an evidentiary hearing as to the accuracy of the trial transcript. (*See id*.). The Commonwealth's position on an evidentiary has now again evolved following the conditional grant of Vonville's habeas petition. More particularly, the Commonwealth requests an evidentiary hearing to present not only the testimony of the trial attorneys, but it also now "believe[s] and therefore aver[s]" that the trial stenographer "would testify that her transcription contains an error, specifically that she left out the word 'not' between 'may' and 'infer.'" (Doc. 55, 6-7). Again, though, and as said previously, these arguments are: (1) entirely speculative; and (2) waived because they were not timely raised. (*See* Doc. 46, 21-22 (citing *Hubbard v. Pleasant Valley Sch. Dist.*, 03-0797, 2006 WL 42093, at *3 (M.D. Pa. Jan. 6, 2006) (Vanaskie, C.J.))).

  At a more basic level, however, the Commonwealth's belated request for an evidentiary hearing on the accuracy of the transcript on the trial judge's instructions to the jury fails to account for Pennsylvania Rule of Appellate Procedure 1922. I explained that when conditionally granting Vonville's habeas petition and repeat that

in full here:

> As explained in the margin above, the trial transcripts in this case, including from July 13, 2010 - the day the jury was charged - were certified as accurate by the stenographer and signed and approved by the trial judge. (*See* Doc. 27-1, p. 187; Doc. 27-2, p. 95). This is essentially the testimony of the court reporter and the trial judge that the jury was, in fact, instructed that they "may infer any inference of guilt from the fact that he did not testify in his own defense." (Doc. 27-2, 78:18-20). This finding comports with the Pennsylvania Rules of Appellate Procedure, namely Rule 1922(c), "Certification and filing," which states:
>
> *The trial judge shall examine any part of the transcript* as to which an objection is made pursuant to Subdivision (a) of this rule or *which contains the charge to the jury in a criminal proceeding*, and may examine any other part of the transcript, and after such examination and notice to the parties and opportunity for objection (unless previously given) *shall correct such transcript.* If the trial judge examines any portion of the transcript, he shall certify thereon, by reference to the page and line numbers or the equivalent, which portions thereof he has read and corrected. If no objections are filed to the transcript as lodged, or after any differences have been settled or other corrections have been made by the court, the official court reporter shall certify the transcript, and cause it to be filed with the clerk of the lower court.
>
> Pa. R. App. P. 1922(c) (emphasis added). The Note to Rule 1922 goes on:
>
> The certification requirement of subdivision (c) recognizes that in practice the trial judge ordinarily will not actually read the transcript prior to certification unless objection is made by one of the parties. However, *the rule requires the judge to review and correct the charge in criminal cases*, to avoid the problems which arise when a later attempt is made by the trial judge under Rule 1926 (correction and modification of the record) to conform the transcript to his recollection of events.
>
> *Id*. (emphasis added).
>
> Given this, the trial judge was obligated under Rule 1922(c) to review and correct, if necessary, the jury charge. The purpose of this requirement, as set forth in the Note, is to avoid "problems" which could subsequently arise in "conform[ing] the transcript to [the judge's] recollection of events." *Id*. What this rule attempts to guard against is essentially what the Commonwealth advocates here: reconstructing the trial transcript (a decade later in this case) based on memory. But this is not warranted, nor does it

8

> appear permissible under the applicable Pennsylvania procedural rules. The trial judge has since passed away and there is nothing in the record suggesting that the trial judge did not review the jury charge as Rule 1922(c) requires, and his signature on the trial transcript indicates that he did in fact do so. (Doc. 27-1, p. 95). Likewise, the Commonwealth did not, pursuant to Rule 1922(a) or Rule 1926, ever attempt to correct the purported error in the transcript. Thus, the Commonwealth has not identified any basis to conclude that the jury was charged in any way other than that which appears in the transcript.

(*Id*. at 22-24). The Commonwealth does not argue that this reading of Pennsylvania Rule of Appellate Procedure 1922(c) is wrong. Nor does it cite any authority holding to the contrary. As such, I find that the Commonwealth has failed to show that it is likely to succeed on appeal or that it has a substantial case on the merits.

The Commonwealth fares no better on the other factors pertaining to its request for a stay. The second factor, irreparable injury, is satisfied here, claims the Commonwealth, because it would "need to locate two of [its] witnesses", *i.e.*, Brittney Hartley, the eyewitness whose location is "unknown", and Detective Richard Luthcke who has since retired and "spends significant time in Florida." (Doc. 55, 7).

The weakness in the Commonwealth's claim of irreparable injury is self-revealing. As Vonville points out, Luthcke is employed part-time as a detective in the Monroe County District Attorney's Office, *i.e.*, the same office responsible for Vonville's prosecution. *See* http://monroecountyda.com/investigators/ (last visited May 14, 2019). In light of this, the Commonwealth's representation that it would be irreparably injured because it "would need to locate" Luthcke has no basis in fact. *Accord* Fed. R. Civ. P. 11(b)(3); Pa. Rules of Prof'l Conduct r. 3.3(a)(1) ("A lawyer shall not knowingly make a false statement of material fact . . ."). Likewise, Hartley's whereabouts are easily discernible. (*See* Doc. 59, 9 n.5). In any event, their prior testimony would be admissible at trial to the extent that these witnesses are unavailable. *See* Pa. R. Evid. 804(b)(1). The Commonwealth has made no showing of irreparable injury in the absence of a stay.

Third, Vonville's incarceration followed from a trial where the his constitutional

9

rights were violated. *See Griffin v. California*, 380 U.S. 609, 615, 85 S. Ct. 1229, 1233, 14 L. Ed. 2d 106 (1965) (Fifth Amendment forbids "instructions by the court that [an accused's] silence is evidence of guilt."); *see also Burdine v. Johnson*, 87 F. Supp. 2d 711, 717 (S.D. Tex. 2000) ("Burdine suffers irreparable harm each day that he is imprisoned in violation of the United States Constitution. Remedying such harm is the very essence of the writ of habeas corpus").

Finally, "[t]he public has a strong interest in the release of a prisoner that a court has found to be incarcerated in violation of the Constitution." *Floyd v. Vannoy*, 11-2819, 2017 WL 2688082, at *3 (E.D. La. June 22, 2017). While, of course, the public has an interest in safety from dangerous criminals, nothing has been presented to support finding that Vonville is a flight risk or a danger to the community. *See id*. Nor do I find that the up-to-31 years remaining on Vonville's original 20-to-40 year sentence, by itself, sufficient to warrant a stay.

In sum, the Commonwealth has not overcome Rule 23(c)'s presumption of release from custody. It has not shown that it is likely to succeed on its appeal, nor has it demonstrated (or even argued) that it presents a substantial case on the merits. The Commonwealth has also failed to articulate any legitimate basis for which it would be irreparably injured absent a stay. And, Vonville and the public have an interest in avoiding incarcerating individuals on the basis of constitutionally-deficient proceedings. For these reasons, the Commonwealth's motion for stay will be denied.

However, Vonville's request for immediate release pending appeal will also be denied, but the denial will be without prejudice. The Third Circuit has found the selection of 120 days for a successful habeas petitioner to either be retried or released from custody to be "eminently reasonable." *Gibbs v. Frank*, 500 F.3d 202, 207 (3d Cir. 2007). At this point, the 120 day period for the Commonwealth to retry him has not expired, so the present request is premature. Should that time pass, however, without a retrial or an order to the contrary from the Third Circuit "or the Supreme Court, or a judge or justice of either court," Fed. R. App. P. 23(c), Vonville can renew

his motion for release pending appeal.

### III. Conclusion

For the above stated reasons, the Commonwealth's motion for a stay will be denied and Vonville's motion for release pending appeal will be denied without prejudice.

An appropriate order follows.

May 21, 2019  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge